WILLIAM P. THOMPSON & another *vs.* WILLIAM SHEPHERD.

The indorsee of a note, who receives it for value from the second indorser, after it
has been dishonored by the maker, can recover thereon against the maker,
although he knew, when he received it, that, as between the maker and the first
indorser, it was an accommodation note.

ASSUMPSIT on a promissory note, dated November 15th
1843, signed by the defendant, for the sum of two hundred
dollars, payable to Charles Beaumont or order in ninety days
from date, and indorsed by him to S. C. Bugbee, and by said
Bugbee to the plaintiffs.

The trial was in the court of common pleas, before *Ward,*
J. where the defence was, that the note was given by the
defendant to Beaumont, and by him indorsed to Bugbee,
without consideration, and for the accommodation of Bugbee;
and that it was transferred by Bugbee to the plaintiffs after it
was overdue.

The defendant called Beaumont, the promisee, as a witness;
and he testified that he and his wife, for a certain sum, had
conveyed certain land, on Jamaica Plain, to the defendant,
he agreeing to allow the witness to negotiate sales of it, and
to receive to himself what he could sell it for beyond the
sum for which he had conveyed it to the defendant : That
the witness accordingly negotiated the sale, to Bugbee, of a
parcel of said land, at four cents per foot; the same hav-
ing been conveyed to the defendant, by the witness, for three
cents per foot; making a difference of six or seven hundred
dollars; and that the defendant accordingly conveyed the
same to Bugbee, and took back a mortgage to secure the pur-
chase money.   But the witness testified that he had released
the defendant from his engagement, so far as it concerned the
lot sold to Bugbee, before the making of the note in question.

It appeared that the witness, Beaumont, owned a tract of land
adjoining to the lot which Bugbee purchased, and that he, to
induce Bugbee to make said purchase, and to build a house
on said lot, (which the witness believed would benefit his own
adjoining tract,) promised Bugbee that, if he would buy the land

and build the house, the witness would lend him, to aid in building said house, four hundred dollars, to be repaid out of the proceeds of the sale of it. And it appeared from the testimony of Bugbee, that he would not have made the purchase and undertaken the enterprise without said promise of Beaumont.

It also appeared in evidence, that Bugbee began to build the house, and that Beaumont, when Bugbee called on him for part of the money which he had agreed to lend him, said he had not the money on hand, but would procure the note of Shepherd, the defendant, and let Bugbee have it instead of the money : That Bugbee agreed to take Shepherd's note, and that it was procured by Beaumont, and indorsed by him, in blank, and given to Bugbee instead of the money which Beaumont had agreed to lend, as aforesaid ; and that Bugbee gave the following receipt therefor : "Nov. 15th 1843. Received of Charles Beaumont two hundred dollars, by Wm. Shepherd's promissory note at ninety days after date, made payable to and indorsed by said Beaumont ; which amount I hereby promise and engage to account for out of the proceeds of a house which I am now building on the Lakeville estate, being on that portion thereof," &c. " purchased by me.

S. C. Bugbee."

Beaumont also testified that the defendant received no consideration for said note, and that if he should be obliged to pay it, he (Beaumont) would be bound to repay him.

It appeared that Bugbee indorsed the note in blank, and procured the note to be discounted ; that, at its maturity, it was protested for non-payment ; and that Bugbee, as second indorser, took it up, and afterwards transferred it to the plaintiffs, to pay for work on said house.

It also appeared that Beaumont, after said note was given to Bugbee, let him have one hundred and fifty or two hundred dollars in cash, according to the agreement above mentioned, for which Bugbee gave him a receipt, on the same paper upon which the former receipt was written, as follows " Nov. 29th 1843. In consideration of the further sum of one

hundred and fifty dollars to me this day loaned by Charles Beaumont, I hereby engage to proceed with erecting the house above alluded to, and repay him out of the proceeds of sale thereof. S. C. Bugbee."

It was admitted that said house had not been sold at the time of the trial.

The judge instructed the jury, "*first*, that the note having been taken by the plaintiffs from Bugbee, after it became due, they took it subject to all the objections and equities to which it was liable in the hands of Bugbee ; and *secondly*, that if the note was made for the accommodation of Bugbee, the plaintiffs could not recover ; but if Beaumont procured the note from Shepherd, (the defendant,) and indorsed and transferred it to Bugbee, before it became due, in pursuance of, or in payment of, a valid engagement by him to lend Bugbee money, to be paid out of the proceeds of the sale of said house, and in payment of work done by the plaintiffs thereon, the note could not be construed as coming within the rule of law as to accommodation notes, without a consideration, negotiated when overdue, and the verdict must be for the plaintiffs, although it might have been made by Shepherd to Beaumont for his accommodation, without consideration."

The defendant's counsel requested the judge to instruct the jury, that if Shepherd, when he gave the note, was ignorant of the promise or engagement of Beaumont to Bugbee, above stated, their verdict should be for the defendant. But the judge directed the jury, that " if Shepherd was a party to the agreement with Bugbee, and gave said note, to be transferred to Bugbee as a substitute for money, as aforesaid, and to be repaid as aforesaid, and the note was transferred to the plaintiffs, as aforesaid, before the sale of the house, they were entitled to recover; but if the note was made by Shepherd, for the accommodation of Bugbee, without knowledge of, and assent to, the agreement in respect to the payment out of the proceeds of the sale of said house, the plaintiffs could not recover."

A verdict was found for the plaintiffs, and the defendant alleged exceptions to the judge's instructions.

*W. Hilliard*, for the defendant. This was an accommodation note, made such for Beaumont, and by him indorsed to Bugbee, who discounted it, took it up after protest, and negotiated it. Bugbee, therefore, could not maintain an action on the note; and the plaintiffs have no more rights against the defendant than Bugbee had. See *Bloxsome* v. *Neale*, Chit. on Bills, (9th ed.) 219, *note.* The defendant cannot be, in any way, affected by the agreement between Beaumont and Bugbee.

*B. F. Brooks*, for the plaintiffs. The note was transferred by Beaumont to Bugbee, for a good consideration, as soon as it was made, and Bugbee thereby became the owner, and might well indorse it to the plaintiffs. The equities between other parties cannot now be set up by the promisor in defence. The jury have found that there was no accommodation by the defendant to Bugbee.

The knowledge of a holder of a note, that it is, as between other parties thereto, an accommodation note, does not affect his right to recover on it, even though he received it after it was due. *Lincoln* v. *Stevens*, 7 Met. 529. *Brown* v. *Mott*, 7 Johns. 361. *Eaton* v. *Carey*, 10 Pick. 211. *Sturtevant* v. *Forde*, 4 Scott N. R. 668. *Stein* v. *Yglesias*, 1 Crompt. Mees. & Rosc. 565, and 5 Tyrw. 172. *Charles* v. *Marsden*, 1 Taunt. 224. Story on Notes, § 194.

HUBBARD, J. The note declared on, having been negotiated by the indorser after it was dishonored by the maker, is subject to any defence, in the hands of the present holders, which might be made to it if Bugbee, the indorser, was the plaintiff.

A ground of objection made at the trial was, that the note was given by the defendant to Beaumont, and by him indorsed to Bugbee, without consideration and for the accommodation of Bugbee; and as to this objection, the judge instructed the jury that, if the note was thus made for the accommodation of Bugbee, the plaintiffs could not recover.

The defendant further requested the judge to instruct the jury, that if Shepherd, when he gave the note, was ignorant of the promise of Beaumont to Bugbee, the plaintiffs could not recover. But the judge instructed the jury, that if the note was made by Shepherd for the accommodation of Bugbee, without knowledge of and assent to the agreement in respect to the payment out of the proceeds of the sale of the house, the plaintiffs could not recover. And we are of opinion that the instruction given, and not that which was asked for, was correct.

The case may be tested by supposing Bugbee to be the plaintiff, instead of the present plaintiffs; as they stand in no better situation than Bugbee. Upon the facts, as proved, the note was given to Beaumont by the defendant, for Beaumont's accommodation, and in lieu of a promise to lend him money. But whether the defendant knew of the agreement between Beaumont and Bugbee, does not appear. Treating the note, then, as an accommodation note between the defendant and Beaumont, it lies with the defendant to bring home to Bugbee knowledge of the fact, (if it will avail him,) before Bugbee can be affected by it; and there is nothing to show but that Bugbee believed that Beaumont had given value for the note.

· The agreement between Beaumont and Bugbee was not that of a lending of Shepherd's note, with Beaumont's indorsement, for the accommodation of Bugbee; but it was a loan and transfer of the note, for a valuable consideration, in lieu of so much money which Beaumont had promised to lend to Bugbee, if he would purchase a lot of land of Beaumont, and would expend the amount towards building a house upon it, which Beaumont believed would be for the benefit of his adjoining land, and the amount of which note, with other money to be lent, was not to be repaid on the maturity of the note, but from the proceeds of the house when sold. And in pursuance of this contract, Bugbee went on and built the house, and procured the note to be discounted. Shepherd refused to pay it at maturity, and Bugbee, taking it up as

indorser, again negotiated it to the defendants, to pay them for work done on the house.

At the time when the note fell due, the house was not sold, and no fault is imputed to Bugbee in that respect. His debt is not payable to Beaumont; he received the note for a valuable consideration, and could enforce the payment of it against the defendant, if he were himself the plaintiff. Nor would his right to recover have been affected, if he had known that, as between Shepherd and Beaumont, it was merely an accommodation note. As he received it for value, his rights are the same as though Beaumont had given value for the note. And it was of no consequence, so far as Bugbee was concerned, whether Shepherd, when he gave the note, was ignorant of the engagement of Beaumont to Bugbee, or not. His ignorance of the fact does not alter his liability.

*Exceptions overruled.*